IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MADELINE JAMROZEK,<br><br>　　　Plaintiff,<br><br>v.<br><br>SAINT LOUIS UNIVERSITY<br>Serve:  221 N. Grand Blvd.<br>　　　　　St. Louis, MO  63103-2097<br><br>and<br><br>COLTEN B. BONK (ID 1331784)<br>Serve:  Missouri Dept. of Corrections<br>　　　　　Boonville Correctional Center<br>　　　　　1216 E. Morgan St.<br>　　　　　Boonville, MO 65233<br><br>　　　Defendants. | Case No.<br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED<br>Mo. E.D. Local Rule 38-2.04 |

## COMPLAINT

COMES NOW Plaintiff, Madeline Jamrozek, by and through her undersigned attorney and for her claims against Defendants Saint Louis University ("SLU") and Colten B. Bonk ("Bonk"), states as follows:

1.　Plaintiff is and all times relevant hereto was a citizen and resident of the State of Illinois.

2.　Defendant SLU is a private university located in the City of St. Louis, Missouri, which acts by and through its agents, servants, and employees. SLU receives federal funding and is subject to Title IX of the Education Amendments of 1972 ("Title IX"); further, SLU is required to comply with state and federal laws including but not limited to Title IX and the Campus Sexual Violence Elimination Act.

- 1 -

3. Defendant Bonk is and all times relevant hereto was a citizen and resident of the State of Texas and/or the Missouri Department of Corrections.

## VENUE AND JURISDICTION

4. Complete diversity of citizenship exists between the parties of this action and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332(a).

5. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and U.S.C. § 1343.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) in that Defendant SLU "resides" in this district and Defendant Bonk resides in the State of Missouri and/or the incidents giving rise to the claims herein set forth occurred first and primarily in the City of St. Louis, State of Missouri, which is within this judicial district.

## GENERAL ALLEGATIONS

7. At all times during the 2016-2017 school year Plaintiff was a scholarship student athlete living in on-campus housing at SLU.

8. At all times during the 2016-2017 school year Defendant Bonk was a student living in on-campus housing at SLU.

9. From the Fall of 2016 to the late Spring of 2017, Bonk engaged in a pattern of abuse – much of which was known to SLU – which included emotional, physical and sexual abuse and which was severe, pervasive, and objectively offensive.

10. In the Fall of 2016 a SLU-employed on-campus resident assistant brought the abuse to the attention of SLU in a detailed and desperately-alarming lengthy report of abuse, violations of policies, and violations of visiting restrictions.  SLU did nothing to intervene,

discipline Bonk, or protect Plaintiff.  The facts of the ongoing abuse are extreme and will not be recounted in detail in this pleading.  However, the defendants are aware of them through their own actions, observations, reports, inactions and/or omissions.

11. Also in the fall of 2016, SLU Public Safety responded to physical abuse of Plaintiff but apparently filed no reports of the incident and again SLU did nothing to intervene, discipline Bonk or protect Plaintiff.

12. The abuse continued for months.

13. In the spring of 2017 SLU became aware of an additional episode of extremely alarming behavior by Bonk and failed to effectively respond or protect Plaintiff.

14. On May 13, 2017, after months of abuse and harassment—that was known to SLU and to which SLU showed deliberate indifference—Bonk brutally assaulted, beat, raped and sodomized Plaintiff in her on-campus-housing room at SLU.

15. Upon information and belief, Defendant SLU has engaged in a custom and practice of not documenting public safety calls, suppressing sexual assault/relationship violence and violence grievances, violating Title IX and Equal Protection of Laws, failing to provide reasonable response to abuse and harassment, failing to investigate and correct known harassment, failing to provide appropriate student accommodations, and/or failing to adequately discipline Bonk and other such abusive and harassing students thereby encouraging a culture of sexual violence and creating a hostile educational environment.

**COUNT I - ASSAULT**

16. Plaintiffs reallege and incorporate by reference, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 15 of this Complaint.

17. Defendant Bonk, through his actions stated herein, intended to cause the Plaintiff bodily harm or offensive contact, or apprehension thereof and he did in fact cause bodily harm and offensive contact.

18. The Defendant's conduct stated herein indicated such intent and executed such intent.

19. As a direct and proximate result of the negligence, carelessness, and/or intentional assault by Defendant Bonk, Plaintiff sustained serious injuries and damages including, a concussion, abrasions, lacerations, swelling, distress and anxiety.

20. Defendant Bonk's actions as set forth herein constitute clear and convincing evidence of a conscious indifference to the safety and rights of Plaintiff such that punitive damages should be assessed.

WHEREFORE, Plaintiff states that she has been damaged in an amount in excess of seventy-five thousand dollars ($75,000.00) and prays judgment against Defendants and each of them jointly and severally in a sum that is fair and reasonable under the circumstances, for additional exemplary or punitive damages in an amount designed to punish Defendants and deter them and others from similar conduct in the future, for her costs herein expended, and for such other and further relief as the Court deems just and proper.

## COUNT II - BATTERY

21. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 20 of this Complaint.

22. Defendant Bonk negligently, knowingly and/or intentionally intended to and did inflict physical harm to Plaintiff.

23. As a direct and proximate result of the negligence, carelessness, and/or intentional battery of Bonk, Plaintiff sustained serious injuries and damages, including, a concussion, abrasions, lacerations, swelling, distress and anxiety.

24. Defendant Bonk's actions as set forth herein constitute clear and convincing evidence of a conscious indifference to the safety and rights of Plaintiff such that punitive damages should be assessed.

WHEREFORE, Plaintiff states that she has been damaged in an amount in excess of seventy-five thousand dollars ($75,000.00) and prays judgment against Defendants and each of them jointly and severally in a sum that is fair and reasonable under the circumstances, for additional exemplary or punitive damages in an amount designed to punish Defendants and deter them and others from similar conduct in the future, for her costs herein expended, and for such other and further relief as the Court deems just and proper.

### COUNT III –INFLICTION OF EMOTIONAL DISTRESS

25. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 24 of this Complaint.

26. Defendant Bonk negligently, knowingly and/or intentionally intended to inflict emotional distress on Plaintiff as more fully set forth herein and did inflict such distress.

27. As a direct and proximate result of the negligence, carelessness, and/or intentional assault/battery by Bonk, Plaintiff sustained serious injuries and damages, including, a concussion, abrasions, lacerations, swelling, distress and anxiety.

28. Defendant Bonk's actions as set forth herein constitute clear and convincing evidence of a conscious indifference to the safety and rights of Plaintiff such that punitive damages should be assessed.

WHEREFORE, Plaintiff states that she has been damaged in an amount in excess of seventy-five thousand dollars ($75,000.00) and prays judgment against Defendants and each of them jointly and severally in a sum that is fair and reasonable under the circumstances, for additional exemplary or punitive damages in an amount designed to punish Defendants and deter them and others from similar conduct in the future, for her costs herein expended, and for such other and further relief as the Court deems just and proper.

### COUNT IV – FALSE IMPRISONMENT

29. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 28 of this Complaint.

30. Defendant Bonk intentionally held and confined Plaintiff against her will while he sexually assaulted her.

31. Defendant Bonk had no legal justification for restraining Plaintiff.

32. Plaintiff and Bonk knew she was being confined by Defendant Bonk and it was against her will and intentions.

33. As a direct and proximate result of the negligence, carelessness, and/or intentional false imprisonment by Bonk, Plaintiff sustained serious injuries and damages, including, a concussion, abrasions, lacerations, swelling, distress and anxiety.

WHEREFORE, Plaintiff states that she has been damaged in an amount in excess of seventy-five thousand dollars ($75,000.00) and prays judgment against Defendants and each of them jointly and severally in a sum that is fair and reasonable under the circumstances, for additional exemplary or punitive damages in an amount designed to punish Defendants and deter them and others from similar conduct in the future, for her costs herein expended, and for such other and further relief as the Court deems just and proper.

## COUNT V - NEGLIGENCE

34. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 33 of this Complaint.

35. SLU had an affirmative duty to Plaintiff, as a resident of the dorms and a student athlete, to protect her from abuse, harassment and criminal conduct on the school premises.

36. Bonk had a duty to treat Plaintiff at least ordinarily and/or reasonably and failed to do so.

37. The aforesaid occurrences and resulting injuries and damages to Plaintiff were directly and proximately caused or contributed to be caused by the negligence and carelessness and/or deliberate indifference of SLU and/or Bonk in at least the following respects, in that:

   a. The Defendant SLU failed to use ordinary care to employ adequate security to deter and/or prevent a violent attack such as that against Plaintiff;

   b. The Defendant SLU failed to use ordinary care to restrict access to athlete rooms and/or apartments;

   c. The Defendant SLU failed to use ordinary care to secure the entrance, lobby, rooms and/or apartments from individuals who were dangerous, threatening, not staying at the on-campus housing, not in the on-campus housing for legitimate purpose, and/or engaged in criminal activity;

   d. The Defendant SLU failed to use ordinary care to install and/or utilize security cameras in the on-campus housing;

e. The Defendant SLU failed to use ordinary care to keep violent persons and/or persons not residing in the SLU apartments from accessing Plaintiff's on-campus apartment;

f. SLU was on notice of the serious concerns about Defendant Bonk's interactions with Plaintiff and negligibly failed to take proper action to protect Plaintiff from Bonk;

g. Defendants failed to use ordinary care to enforce its policies and visitation restrictions;

h. The Defendant SLU failed to provide referral and access to counseling, medical services and/or mental health services to Plaintiff throughout the abusive and harassing pattern of which it had notice;

i. The Defendant SLU failed to implement contact limitations on the Bonk and/or on all parties;

j. The Defendant SLU failed to provide referral to victim advocacy and support services either on and/or off-campus;

k. The Defendant SLU failed to provide referral to academic support services and any other services that may be beneficial to the plaintiff;

l. The Defendant SLU failed to adjust the supervisory responsibilities or supervisor reporting responsibilities for Plaintiff and for Bonk;

m. The Defendant SLU failed to alter the on-campus housing assignments of Plaintiff or Bonk;

n. The Defendant SLU failed to inform Plaintiff of the right to notify law enforcement authorities of the abuse and harassment incidents and offer to help facilitate reports;

o. The Defendant SLU failed to suspend, on an interim basis or any basis, Bonk from University housing, classes, the University campus/facilities/events and/or all other University activities or privileges for which the Bonk might otherwise be eligible, when SLU found, or should have found, and believed or should have reasonably believed from the available information that the presence of the Bonk on campus would seriously disrupt the University and constituted a danger to the health, safety, or welfare of Plaintiff and Bonk and other members of the University community;

p. The Defendant SLU failed to provide escort services to assure that Plaintiff could move safely between classes and activities;

q. Defendant SLU ignored risks presented by Defendant Bonk to Plaintiff and the acts and omissions of Defendant SLU herein above show conscious, deliberate indifference, and/or conscious disregard for the safety and welfare of Plaintiff;

r. Defendant Bonk negligently, recklessly and/or maliciously struck, touched and/or otherwise injured Plaintiff as set forth herein; and

s. Such other acts of negligence as discovery may reveal.

1637252 / 99 / 180080

38. As a direct and proximate result of the negligence, carelessness, and/or conscious and deliberate indifference of SLU, Plaintiff sustained serious injuries and damages, including, a concussion, abrasions, lacerations, swelling, distress and anxiety.

39. Defendant SLU's actions as set forth herein constitute clear and convincing evidence of a conscious and deliberate indifference to the safety and rights of Plaintiff such that punitive damages should be assessed.

WHEREFORE, Plaintiff states that she has been damaged in an amount in excess of seventy-five thousand dollars ($75,000.00) and prays judgment against Defendants and each of them jointly and severally in a sum that is fair and reasonable under the circumstances, for additional exemplary or punitive damages in an amount designed to punish Defendants and deter them and others from similar conduct in the future, for her costs herein expended, and for such other and further relief as the Court deems just and proper.

## COUNT VI – VIOLATION OF TITLE IX
### Deliberate Indifference

40. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 39 of this Complaint.

41. The sex-based harassment articulated in Plaintiff's Complaint was so severe, pervasive, and objectively offensive that it deprived Plaintiff of access to educational benefits provided by SLU.

42. Defendants created and/or subjected Plaintiff to a hostile education environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX), because:

    a. Plaintiff, a female student, was a member of a protected class;

    b.    Plaintiff was subjected to sexual harassment in the form of abuse, assault, stalking, social media harassment, digital harassment, harassment, and/or sexual assault by another student;

    c.    Plaintiff was subjected to harassment based on her sex; and

    d.    Plaintiff was subjected to a hostile education environment created by Defendant's lack of effective and appropriate polices and procedures to properly prevent, investigate, and address sexual assault and harassment and/or lack of implementation of effective and appropriate polices and procedures to properly prevent, investigate, and address assault and harassment and/or defendant had such policies and procedures and failed to follow them.

43.    Defendants failure to promptly and appropriately respond to the sexual harassment/relationship violence resulted in Plaintiff, on the basis of her sex, being excluded from participation in, being denied the benefits of, and being subjected to discrimination in SLU's education programs in violation of Title IX.

44.    Defendant SLU failed to take immediate, effective remedial steps to resolve the complaint of sexual harassment/relationship violence, which they had actual knowledge, and instead acted with deliberate indifference toward Plaintiff which ultimately lead to a severe beating and sexual assault upon her.

45.    Defendant SLU knew about multiple incidents involving Defendant Bonk sexually harassing and/or perpetrating relationship violence and other violence against Plaintiff and others.

46. Defendant SLU has had at least 24 reported rape incidents on campus between 2014-2016.

47. Defendant SLU has had at least 43 reported incidents involving domestic violence on campus between 2014-2016.

48. Defendant SLU has failed to address severe, pervasive, and objectively offensive conduct on its campus.

49. Plaintiff has suffered emotional distress, psychological damages, physical manifestation of psychological distress, humiliation, loss of self-esteem, loss of enjoyment of life, loss of earnings, loss of earning capacity, and past and ongoing medical expenses as a direct and proximate result of Defendant's deliberate indifference to her rights under Title IX.

WHEREFORE, Plaintiff states that she has been damaged in an amount in excess of seventy-five thousand dollars ($75,000.00) and prays judgment against Defendants and each of them jointly and severally in a sum that is fair and reasonable under the circumstances, for additional exemplary or punitive damages in an amount designed to punish Defendants and deter them and others from similar conduct in the future, for her costs herein expended, and for such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

GRAY, RITTER & GRAHAM, P.C.


By: **/s/Morry S. Cole**
    Morry S. Cole    #46294
    *Attorneys for Plaintiff*
    701 Market Street, Suite 800
    St. Louis, MO  63101-1826
    (314) 241-5620; fax: (314) 241-4140
    mcole@grgpc.com